### DETERMINED IN THE

# APPELLATE DIVISION

#### OF THE

# SUPREME COURT

#### OF THE

## State of New York.

---

New York Pneumatic Service Company and New York Mail and Newspaper Transportation Company, Appellants, *v.* P. T. Cox Contracting Company, Respondent.

First Department, March 21, 1919.

Pleading — equity — suit for injunction — complaint stating cause of action — when denial of temporary injunction not res adjudicata — demurrer to defenses sustained.

Suit in equity to obtain an injunction restraining the defendant, a municipal contractor in the city of New York engaged in changing street grades, from injuring the plaintiffs' pneumatic tubes laid under said streets and used for the purpose of conveying United States mails under a contract with the Federal government. It is alleged, among other things, that the defendant intends to encase said tubes in solid masonry so as to make them inaccessible for repairs which may result in the interruption of the Federal mail service, etc.; and it is further alleged that the contract of the defendant with the city requires it to readjust and rebuild said pneumatic tubes so as to leave them in as good condition as they existed before the defendant's operations were begun, but that the defendant has refused upon demand to comply with the requirements of the contract. Complaint analyzed, and *held*, to state a cause of action.

Said complaint should not be held to be insufficient upon the ground that a prior denial of a motion for a temporary injunction made the matter *res adjudicata* and especially so where the denial was in part based upon purely discretionary grounds.

A demurrer to a separate defense setting forth the proceedings had on the application for a temporary injunction and the opinion of the justice deny-

ing the same should be sustained, for the exercise of judicial discretion in refusing temporary relief constitutes no bar to the action.

Moreover, a demurrer to a second defense which is purely argumentative and merely states conclusions and not facts should be sustained.

Appeal by the plaintiffs, New York Pneumatic Service Company and another, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 21st day of November, 1918, overruling plaintiffs' demurrer to certain defenses contained in the answer.

*Arthur O. Townsend,* for the appellants.

*John C. Wait* of counsel [*Howard G. Wilson* with him on the brief], for the respondent.

Dowling, J.:

The questions involved in this appeal are (1) whether the complaint sets forth a cause of action, and (2) whether the two separate defenses set up in the answer are sufficient in law.

The action is brought to obtain a judgment enjoining and restraining defendant, its agents, servants, employees, subcontractors and all other persons acting or claiming to act for it, or under its authority, from injuring or causing injury to, or continuing to injure or interfere in any manner with the property, mail tubes and plant, and mail carrying system of the plaintiffs, or any part thereof, and from neglecting or violating defendant's duty or obligation to rebuild or replace said tubes in a condition equally as good as their original condition at the time defendant began its operations; together with the damages sustained by reason of defendant's unlawful acts.

The complaint sets forth that plaintiffs are the lessee and owner respectively of a system of pneumatic tubes and appurtenances, adapted and used exclusively for transportation of United States mails, laid under streets and other public places in the city of New York, under contract with the United States Post Office Department; that the system was built and is maintained and operated under and in accordance with legislative acts, and with the authority of the city of

New York. Part of such system consists of two parallel tubes of eight and one-eighth inches inside diameter, laid under the surface of Fourth avenue, from Thirty-second to Thirty-fourth streets, and forming part of a mail route connecting the general post office with many branch post offices in the boroughs of Manhattan and Brooklyn. These tubes are made of cast iron, accurately bored, in lengths of twelve feet, exactly fitted and therein carriers are operated, two feet in length, propelled by air pressure at a speed of thirty miles an hour, and service is furnished twenty hours each day, with a resultant dispatch of 4,000 carriers daily in each direction, containing an average of 2,800,000 pieces of first class mail matter per day. These tubes are so laid as to be easily accessible by ordinary excavation for the purpose of removing obstructions and making repairs, in case carriers become caught, jammed or blocked in transit. This accessibility is indispensable to the conduct of the business and without it the government would not contract for such service nor could it be rendered by plaintiffs.

Before defendant began its work, the tube lines were in perfect order in every respect. Defendant, claiming to act under a contract with the city of New York dated May 9, 1918, it is alleged, is now engaged in the construction of a solid masonry structure by means of which the grades and elevations of Fourth avenue, between Thirty-second and Thirty-fourth streets, and the pavement and surface car tracks thereon, are to be changed and raised, and said structure as planned, devised and now in course of construction by defendant, will occupy the subsurface space or location now occupied by plaintiffs' mail tubes. The work of said construction is set forth to have been begun and to be in parts completed up to the level of the under side of plaintiffs' mail tubes; and defendant threatens and intends to cover or bury and wall in the plaintiffs' said mail tubes within said solid masonry structure, preventing access to said tubes by excavation and permanently placing them beyond the reach of remedy and repair in case of breakage or stoppage of mail carriers within said tubes.

The westerly exterior line of said walled masonry structure as planned and now under and in course of construction by defendant, comes so close to the street surface car tracks

First Department, March, 1919.　　　　　[Vol. 187.

and the sub-surface structures and channels thereof now in said Fourth avenue, as to leave no room for relocation of said mail tube lines or the construction of substituted tube lines at the points in question; but the city of New York is willing to modify its plans for such masonry wall and structure so as to leave a space between the westerly line thereof and said car tracks and their sub-surface structures, sufficient for the relocating and rebuilding of a substitute line or section of plaintiffs' said mail tubes, parallel to and of equal extent with the portion thereof thus proposed by the defendant to be built into its said masonry structure or wall. The complaint then sets forth:

" *Eleventh.* On information and belief, that the sole right or authority of the defendant to carry on its operations hereinbefore described in said Fourth Avenue, is the contract mentioned in the preceding paragraph Eighth of this complaint; but that in and by said contract the defendant is required to move, alter, readjust or rebuild said pneumatic mail tubes so as to leave the same in as useful, safe, durable and good condition as existed before the defendant's operations were begun; and to do all such incidental work as may be necessary for the reconstruction and restoration of plaintiff's said tube lines which may have been, directly or indirectly, affected, disturbed or injured by the defendant in the progress of its work.

" *Twelfth.* That the plaintiffs have notified the defendant of the facts hereinabove set forth, and have requested the defendant to preserve their said mail tube lines, or to replace them with relocated lines in or equal to their original good condition, as aforesaid; said work to be done under the supervision and co-operation of the plaintiffs; and have offered to co-operate with defendant, furnishing all necessary materials and assistance to the defendant for such work, upon just, reasonable and fair terms and conditions, and with such requirements only as will prevent loss or damage to the plaintiffs and interruption or interference with, or danger or damage to the United States Post Office mail service, as carried on in said tubes."

It is then alleged that defendant has failed and refused to perform its duty with respect to the tubes and threatens and intends to continue such refusal and to bury said mail tubes in

its said masonry structure, leaving said mail tubes in an impaired, injured and dangerous condition, in disregard of plaintiffs' requests, warnings and offers; and that the unlawful and injurious acts proposed and threatened to be done by defendant will cause continuing and serious injury, loss and damage to the plaintiffs and to the United States government, which is the sole customer, occupant and user of said mail tubes, and to the property and business of countless persons, citizens and residents of this country and State by stoppage of mails and destruction thereof, unless the same be restrained and prevented by order of the court; for all of which wrongs complained of, plaintiffs have no adequate remedy at law.

I am of opinion that the complaint sets forth a good cause of action. Under its allegations the provisions of the contract referring to the restoration of plaintiffs' system to its original condition were for the protection of plaintiffs and they are entitled to sue thereunder. The necessary facts are sufficiently pleaded to warrant the interposition of a court of equity. The learned court at Special Term seems to have based its decision on the opinion of another justice denying a motion for a temporary injunction. But that denial was in part based on purely discretionary grounds, and in part on an analysis of other provisions of the contract with the city, set up in defendant's answer, neither of which considerations has any application to the determination of the question whether the complaint sets forth a good cause of action. We have reached the conclusion that it does, and that, therefore, the judgment appealed from, in so far as it holds the complaint herein to be insufficient, must be reversed.

Furthermore, the demurrer to the two separate defenses should be sustained. Neither is sufficient in law. The first defense sets forth the proceedings had on the application for a temporary injunction and the opinion of the justice in denying the same, and then alleges that plaintiffs' claims and causes of action are and have been adjudicated and are *res adjudicata.* There is no merit in this defense, for no judgment had been rendered in the action when it was interposed, and the exercise of judicial discretion in refusing temporary relief could constitute no bar to the action. The

second defense sought to be pleaded is merely argumentative, and states various conclusions, but no facts sufficient to constitute a defense.

The judgment appealed from will, therefore, be reversed, with costs; the complaint held to be sufficient in law, and plaintiffs' demurrer to the separate defenses will be sustained, with costs, with leave to defendant to plead over upon payment of said costs.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concurred.

Judgment reversed, with costs, demurrer sustained, with costs, with leave to defendant to serve amended answer on payment of said costs.