New York Pneumatic Service Company and New York Mail
and Newspaper Transportation Company, Appellants, *v.*
P. T. Cox Contracting Company, Respondent.

First Department, April 21, 1922.

Courts — law of case — decision by Appellate Division that complaint
states cause of action — trial court should grant judgment for plaintiff
where case proven by uncontroverted evidence — municipal corpora-
tions — third person injured by neglect of contractor to perform
covenants may sue in equity.

Where on an appeal from an interlocutory judgment against the plaintiff in which
it was adjudged that the complaint was insufficient, the Appellate Division
decides that the complaint states a cause of action in equity, and that the plaintiff
has the right to maintain that action, such decision becomes the law of the case,
and on the trial, later, where the plaintiff establishes its cause of action by
uncontroverted evidence, it is error for the court to ignore the opinion of the
Appellate Division and to render judgment in favor of the defendant.

Where a contractor under a contract with a municipal corporation covenants to
do certain things, he will be held liable in equity at the suit of a third per-
son, if by reason of his neglect to perform such covenants said third person is
injured.

Appeal by the plaintiffs, New York Pneumatic Service Com-
pany and another, from a judgment of the Supreme Court in
favor of the defendant, entered in the office of the clerk of the
county of New York on the 25th day of June, 1921, upon the
decision of the court rendered after a trial at the New York Special
Term.

*Arthur O. Townsend* of counsel [*E. Crosby Kindleberger* with him
on the brief], for the appellants.

*John C. Wait* [*Howard G. Wilson* of counsel], for the respondent.

Page, J.:

An opinion was written by a justice at Special Term, denying a
motion for a preliminary injunction. Later on issues of law raised
by the plaintiffs' demurrer to two separate defenses contained in
the amended answer were tried, and the justice at Special Term,
following the opinion of the other justice, overruled the demurrer
to the defenses, but found the complaint insufficient. From the
interlocutory judgment then entered an appeal was taken to this
court. Mr. Justice Dowling, writing for the court, said: " I am
of opinion that the complaint sets forth a good cause of action.
Under its allegations the provisions of the contract referring to the

3

restorat'on of plaintiffs' system to its original condition were for the protection of plaintiffs and they are entitled to sue thereunder. The necessary facts are sufficiently pleaded to warrant the interposition of a court of equity." (187 App. Div. 1, 5.) Notwithstanding that the plaintiffs established their cause of action by uncontroverted evidence, the learned justice ignored the opinion of this court, and stated that he was entirely in accord with the views expressed by the justice who denied the motion for an injunction, and stated in his opinion that " the intent expressed in the contract is that the city did not intend to place upon the defendant Contracting Company the burden of doing any work for the benefit of the plaintiffs directly." And he further held that, inasmuch as there was no obligation or duty owing from the city of New York to the plaintiffs to do this work, the plaintiffs had no legal or equitable claim to the benefits of the contract between the defendants and the city, hence there was absent one of the requirements to bring this case within the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268).

In the instant case the contractor expressly undertook to move, alter, readjust or rebuild pneumatic tubes and mail tubes and to do all such additional and incidental work as might be necessary for the reconstruction and restoration of all surface, subsurface and overhead structures which might have been directly or indirectly affected, disturbed or injured by the contractor in the progress of the work of construction, to as useful, safe, durable and good condition as existed before the construction work was begun. All such work of every description " is a part of the work which is included in this contract and which the contractor agrees to perform under the terms of this contract."

It is well settled that contractors with a State or municipality in a public contract, " who assume, for a consideration received from the sovereign power, by covenant express or implied, to do certain things, are liable in case of neglect to perform such covenant, to a private action at the suit of the party injured by such neglect, and such contract inures to the benefit of the individual who is interested in its performance." (*Little* v. *Banks*, 85 N. Y. 258, 263.) And this is true, although the State or municipality might not be liable to the private individual. (*Markey* v. *County of Queens*, 154 N. Y. 675, 684.) The obligation which does not rest on the assumption of a legal obligation is based on a moral one, which is enforcible in equity. The cases on this subject are collated in *Seaver* v. *Ransom* (224 N. Y. 233, 237, 238).

The law of this case was settled in our former opinion, which should have been followed by the justice at Special Term.

The judgment and findings should be reversed, with costs, and judgment ordered for plaintiffs, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Judgment reversed, with costs, and judgment ordered for plaintiffs, with costs. Settle order on notice.