1919, and in particular the leases or conditional sale contracts and notes which the defendant held to secure the balance of the unpaid purchase price for musical instruments which he had sold? "

*B. L. Newman* for appellant.

*David N. Heller* and *Frank C. Ogden* for respondents.

Order affirmed, with costs. Last part of question certified answered in the negative; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

NEW YORK PNEUMATIC SERVICE COMPANY et al., Respondents, *v.* P. T. COX CONTRACTING COMPANY, Appellant.

*Contract — provision in contract for changing grade of street that contractor shall move, alter, readjust or rebuild pneumatic tubes belonging to public service corporation — when corporation may maintain action against contractor for cost of relocating said tubes.*

*N. Y. Pneumatic Service Co. v. Cox Contracting Co.*, 201 App. Div. 33, affirmed.

(Argued January 24, 1923; decided March 20, 1923.)

APPEAL from a judgment entered June 28, 1922, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term and directing judgment in favor of plaintiffs. Plaintiffs maintained pneumatic tubes under the surface of Fourth avenue in the city of New York. A change of grade having been determined on the city entered into a contract with defendant to do the work by the terms of which the contractor expressly undertook to move, alter, readjust or rebuild pneumatic tubes and mail tubes and to do all such additional and incidental work as might be necessary for the reconstruction and restoration of all surface, sub-surface and overhead structures which might have been directly or indirectly affected, disturbed or injured by the contractor in the progress of the work of construction, to as

useful, safe, durable and good condition as existed before the construction work was begun. By reason of the change of grade it was necessary to relay certain of plaintiff's tubes which defendant failing to do plaintiff undertook and carried to completion. For the cost of the work incidental thereto this action was brought.

*Howard G. Wilson* and *John C. Wait* for appellant.

*E. Crosby Kindleberger* and *Arthur O. Townsend* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, POUND, MCLAUGHLIN and CRANE, JJ. Dissenting: HISCOCK, Ch. J., and CARDOZO, J. Absent: ANDREWS, J.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS KINDLON, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued January 29, 1923; decided March 20, 1923.)

APPEAL from a judgment of the Albany County Court rendered April 28, 1922, upon a verdict convicting defendant of the crime of murder in the first degree.

*Rollin B. Sanford* for appellant.

*Charles J. Herrick,* District Attorney (*Timothy E. Roland,* of counsel), for respondent.

Judgment of conviction affirmed; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

HENRY FISCHER, Appellant, *v.* WABASH RAILWAY COMPANY et al., Respondents.

*Practice — railroads — when motion to substitute director-general of railroads as party defendant in action against railroad companies properly denied.*

*Fischer* v. *Wabash Ry. Co.,* 203 App. Div. 840, affirmed.

(Argued February 27, 1923; decided March 20, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial depart-