Carlton A. Fisher, J.
The facts giving rise to this litigation, by stipulation of counsel for the parties and proof presented at trial, are uncontroverted. Defendant herein, in December of 1963, entered into a contract with the Town of Amherst, New York, by which and for an agreed compensation it agreed to construct a trunk sanitary sewer in certain streets or highways in said town. That under the terms and provisions of said contract, it was provided as follows:
“ S.27 Interruption of Water Mains, Sewers, Etc. The Contractor shall at his own expense, maintain in proper working order and without interruption of service all telephone, telegraph and trolley poles, also all existing water mains, sewers, gas mains, telephone or electric light or power ducts, or other underground structures and also service connections leading from any of the present water mains, sewers, gas mains, telephones or electric light and power ducts or other underground structures, to the properties being served thereby whether abutting upon the streets in which any work is to be done or otherwise, and which may be encountered in the work, except that with the consent of the Engineer, such service connections may be temporarily interrupted to permit the Contractor to make such temporary changes in the location thereof as will aid him in the prosecution of the work and at the same time maintain without interruption the service to the property so originally benefited. The cost of making any such temporary changes and restoring them must be borne by the Contractor and at his own expense. The Contractor must obtain all necessary permits.”
That during the course of the sewer construction work being performed by the defendant under said contract, plaintiff, a public utility corporation, at the - request of defendant made various temporary changes, relocations and restorations of its wires, cables, poles and facilities located along the highway right of way in order to accommodate and facilitate the work being so performed by the defendant. The reasonable value of *868 the work, labor and services, so performed by plaintiff, was $2,240.92, for which statements of account were rendered by plaintiff to defendant on January 25, 1965 for the sum of $1,339.92 and on April 22, 1965 for the additional sum of $901.
Plaintiff brings this action for recovery from the defendant for said work, labor and services, predicating its claim is a third-party beneficiary under the contractual provisions contained in the afore-quoted paragraph ‘ ‘ S.27 ” of the defendant’s contract with the town.
Defendant resists plaintiff’s claim on the grounds, that said contract provision “ S.27 ” was not for the benefit of the plaintiff but rather a “ hold harmless ” clause for the benefit of the town; and on the further ground that any interpretation of said paragraph “ S.27 ”, granting plaintiff an enforceable right as a third-party beneficiary, would in effect constitute a gift of public funds by the town and, therefore, violate section 1 of article VIII of the New York State Constitution, rendering such provision void and unenforceable.
Addressing attention first to a determination of the purpose and intent of the provisions contained in paragraph “ S.27 ”, it becomes obvious :to this court that the language thereof evidences a primary concern of the town for assuring to its inhabitants uninterrupted utility services during the course of the construction work to be performed by the defendant. Such interest of the town on behalf of its inhabitants was a legitimate objective within the province and responsibility of the town for which it could, and indeed did, provide a valid contractual provision for their protection in the agreement entered into with the defendant herein. The town, in plain and unambiguous language, imposed such responsibility upon defendant contractor, which provision was acknowledged and accepted by defendant.
Paragraph “ S.27 ” further imposed upon the defendant the cost of maintaining uninterrupted utility services, including specifically such temporary changes, relocations and restorations of utility facilities as might aid defendant contractor in the prosecution of its work under .said contract. Such provision, in this court’s opinion, was in furtherance and implementation of the town’s primary concern for assuring uninterrupted utility services to its inhabitants. Such imposition of cost upon the defendant contractor is not within rational basis. The persuasive effectiveness of economic interest in performance of a contractual obligation is a reality of the commercial world not to be ignored. Economic responsibility motivates and assures effective action and compliance.
*869 It would, therefore, appear that the intent and purpose of paragraph “ S.27 ” was not, as urged by defendant, a mere “hold-harmless” clause for the benefit of the town, as the town needed no such protection. Bather, the designed purpose was to assure to its inhabitants uninterrupted utility services, with the expressed and intended beneficiaries thereof being both said inhabitants and utility companies affected thereby.
In view of the common-law general proposition, that, a public utility, having the benefit under its franchise to maintain its facilities in the public streets, must relocate its plant and facilities at its own cost and expense when such facilities interfere with some planned governmental improvement, defendant herein questions the validity and enforceability by the plaintiff of any rights ostensibly granted to it under the provisions contained in said paragraph “ S.27 ”. Concededly, the town was under no obligation to plaintiff relative to its relocation and restoration expenses. It would, therefore, appear that the plaintiff is but a donee beneficiary of any rights granted under said paragraph “ S.27 ”.
Besearch and examination of decisional law of this State indicates to this court that the law of New York now appears to be in accord with the majority view reflected in the Bestatement, Contracts (§ 135), in that a donee beneficiary may recover in an action at law, upon a showing that the promisee intended to make a gift of the benefits accruing from the promise of the promisor. (For case law evolution of this principle stemming from Lawrence v. Fox, 20 N. Y. 268, see: Little v. Banks, 85 N. Y. 258; Smyth v. City of New York, 203 N. Y. 106; Rigney v. New York Cent. & Hudson Riv. R. R. Co., 217 N. Y. 31; Seaver v. Ransom 224 N. Y. 233; New York Pneumatic Serv. Co. v. Cox Contr. Co., 201 App. Div. 33, affd. 235 N. Y. 567; Wilson v. Costich Co., 231 App. Div. 346, affd. 256 N. Y. 629; Coley v. Cohen, 289 N. Y. 365; Zamiarski v. Kozial, 18 A D 2d 297.)
Under the facts of the case at bar, in light of the afore-cited decisional law and principles that have evolved and developed thereunder, plaintiff’s right of recovery as a third-party donee beneficiary, expressly provided for and intended to be benefited under the contractual provisions contained in paragraph 1 ‘ S.27 ’ ’ of the contract, is clear. The intention on the part of the town to secure the benefit to the plaintiff, and other utility companies similarly situated, from the language of said provision, is readily apparent.
Nor does this court find merit in defendant’s contention, that, interpreting paragraph “S.27” as giving the plaintiff an *870 enforceable right of recovery herein, would, by reason of possible increased contract costs, amount to an indirect and gratuitous gift of money by the town to the plaintiff herein, and, therefore, unenfoceable as being violative of section 1 of article "VIII of the State Constitution. While said section 1 of article VIII provides that no town .shall give money to, or in the aid of any private corporation, case law of this State has established the general principle that incidental benefit to private interests does not invalidate a proposed expenditure otherwise public in nature. (Murray v. La Guardia, 291 N. Y. 320; Waterloo Mfg. Co. v. Shanahan, 128 N. Y. 345; New York State Voters League Against Vivisection v. Hilleboe, 202 Misc. 687; Flood Abatement Comm. v. Merritt, 94 Misc. 388.)
Under the facts herein, the primary intent and purpose of the contract provision in question was for the legitimate public interest and protection by the town of its inhabitants to assure uninterrupted utility services during the course of the construction to be performed by defendant contractor. The speculated expenditure of public funds, as asserted by defendant, in the implementation of the protection sought by the town for its inhabitants, can only be .said and found to be incidental and de minimis. The fact that some financial benefit may inure to a private corporation does not invalidate a contractual provision that is otherwise in the public interest.
This court therefore finds and determines that plaintiff is entitled to judgment in the amount of $2,240.92, with interest on the sum of $1,339.92 from January 25, 1965 and interest on the sum of $901 from April 22,1965, together with costs.