■ LIZZA INDUSTRIES, INC., Respondent, v. LONG ISLAND LIGHTING COMPANY, Appellant.— In an action, by a corporation which had contracted with the County of Nassau to lay sewers, to recover damages for breach of an alleged obligation of defendant to protect, etc., its facilities (first cause of action) and on two other causes, defendant appeals from so much of an order of the Supreme Court, Nassau County, dated March 2, 1973, as (1) denied its motion to dismiss the first cause of action, (2) denied its subsequent application for summary judgment on its second and fourth counterclaims and (3) granted plaintiff's cross motion to the extent of dismissing defendant's third counterclaim. Order modified by (1) inserting therein, immediately after the words "it is ordered" that defendant's motion to dismiss the "first cause of action", the following: "is granted"; (2) deleting therefrom the words "are both" and substituting therefore the word "is", so that the context shall read that plaintiff's cross motion "is denied", and (3) adding thereto a provision that defendant is granted summary judgment on its second and fourth counterclaims solely on the issues of liability, and not as to damages. As so modified, order affirmed insofar as appealed from, without costs. On February 16, 1972 plaintiff entered into a contract with Nassau County for the construction of a sewer system in Merrick, Long Island. By the express terms of the contract plaintiff was obligated, at its expense, to pay all costs of "protecting, supporting, maintaining, relocating and restoring all surface, subsurface or overhead structures, and all other property, including pipes, conduits, ducts, tubes, chambers, and appurtenances, public or private, in the vicinity of the work (except such which by law * * * the owner thereof is required to protect, support, maintain, relocate or restore,) repairing the same if damaged

and restoring to their original condition all areas disturbed." Plaintiff was obligated to take the foregoing into consideration in making its bid for the contract. After completing its work, plaintiff brought this action to recover damages *inter alia* for the costs of protecting, supporting and maintaining defendant's utility installations during construction which allegedly, under common law, defendant was obligated to incur (first cause of action). Defendant's answer denied certain material allegations of the first cause of action and additionally set forth five counterclaims, three of which are material to this appeal. In the second counterclaim defendant sought reimbursement from plaintiff for the costs the former had incurred in repairing damages to its gas facilities. In the fourth counterclaim defendant sought reimbursement for work (relocation of its electric lines) which plaintiff was required to do by its contract with Nassau County. In the third counterclaim defendant sought the same damages as in the second counterclaim, but on an alternative legal theory. Specifically, defendant alleged that plaintiff's conduct constituted a breach of the statutory obligation to defendant created under section 322-a of the General Business Law, which regulates the conduct of those engaged in excavation or blasting activities in locations adjoining utility transmission facilities. On this appeal, plaintiff argues that, since defendant was not a party to the contract between the former and Nassau County, defendant assumed no liabilities thereunder and consequently acquired no rights therefrom and, accordingly, the rights, duties and liabilities as between the parties to this action are governed by common law. Defendant, however, relies on the contractual provisions of the contract between plaintiff and Nassau County, citing *New York Tel. Co.* v. *Secord Bros.* (62 Misc 2d 866, affd. 35 A D 2d 779). In the *Secord* case, involving an almost identical situation of a utility company bringing action to recover for damages caused by a contractor in the course of constructing a sanitary sewer pursuant to a contract with a municipality (which contained very similar provisions to those contained herein), the Appellate Division, Third Department, upheld the trial court's ruling that the utility compay was a third-party beneficiary of the contract. The trial court had ruled that it was in the public interest for a municipality to insure uninterrupted utility services to its inhabitants and thus proper for the municipality to include language in a contract which imposed upon its sewer contractor the burden of protecting, supporting, maintaining, relocating and restoring utility installations. We agree with the decision in that case. The cases cited by plaintiff in support of its contention that the common law imposes the afore-mentioned burden on the utility company is misplaced and inapplicable, misplaced because in none of those cases was a private corporation allowed to pass such a burden upon a utility company, and inapplicable because in none of those cases was there the express contractual provisions present herein. Accordingly, defendant's motion to dismiss plaintiff's first cause of action and defendant's subsequent application for summary judgment on its second and fourth counterclaims should have been granted. With respect to defendant's third counterclaim (which Special Term properly dismissed), the same relief was there sought as in the second counterclaim, but upon the theory that section 322-a of the General Business Law created a statutory cause of action for owners of underground utility facilities which are damaged in the course of construction work. Generally speaking, under that statute, a contractor is obligated to protect utility facilities encountered in the course of excavation and to notify all persons in danger of possible injury and those whose facilities have been, or potentially may be, damaged; and the statute further provides that the contractor's

neglect to take specified safety precautionary measures or give the proper notification is a misdemeanor. We agree with Special Term that the aforementioned statute is a penal statute and does not give rise to any civil remedy. Shapiro, Brennan and Benjamin, JJ., concur; Hopkins, Acting P. J., and Martuscello, J., dissent and vote to affirm, with the following memorandum: The complaint alleges in the first cause of action that defendant is liable to plaintiff at common law for breach of defendant's duty to remove and relocate its lines and facilities during the work under plaintiff's contract with the County of Nassau. We agree that at common law no such liability exists where the municipality imposes the responsibility to remove and relocate the lines and facilities of a utility on the contractor (*New York Tel. Co.* v. *Secord Bros.,* 62 Misc 2d 866, affd. 35 A D 2d 779). The question remains, however, whether the contract between plaintiff and the County of Nassau so provided. Indeed, the first cause of action, in addition to its reliance on a common-law duty, invokes the provisions of the contract as a basis for liability. Article 43 of the contract is ambiguous in that its language, apparently placing responsibility on plaintiff to relocate utility structures, is immediately followed, within parenthesis, by an exception where by law or franchise the utility is compelled to relocate its structures. This would seem to negate the initial responsibility, since at the request of the municipality a utility is bound to relocate its structures (cf. *Transit Comm.* v. *Long Island R. R. Co.,* 253 N. Y. 345, 351; *Matter of Consolidated Edison Co. of N. Y.* v. *Lindsay,* 24 N Y 2d 309). Other provisions of the contract — Article 6 and the following from the Standard Specifications: section 5 (c) of Part 1 and section W-2.7 of Part 2 — appear again to place responsibility on plaintiff. Hence, we agree with Special Term that these inconsistencies cannot be resolved without a trial (*Rudman* v. *Cowles Communications,* 30 N Y 2d 1, 13; *O'Neil Supply Co.* v. *Petroleum Heat & Power Co.,* 280 N. Y. 50, 55-56; *Morton L. Ackerman, Inc.* v. *Mohawk Cabinet Co.,* 37 A D 2d 655).