John E. Murray, Esq. County Attorney, Broome
I am writing in response to your office's request for an Attorney General's opinion as to whether a county may provide at no cost an outdated nursing home facility for the operation of an enriched housing project for the elderly and handicapped without violating the State constitutional prohibition against gifts and loans of public property.
As stated in the request, Broome County is in the process of analyzing a plan to convert one of its outdated nursing homes into an enriched housing project for the elderly and handicapped. The basic plan would be to transform the nursing home into the enriched housing units by means of a housing trust fund grant under Article 18 of the Private Housing Finance Law. Your concern is whether the county can permit utilization of the existing county-owned facility as part of the housing project without violating the constitutional prohibition against gifts and loans of municipal property (NY Const, Art VIII, § 1).
Article VIII, § 1 of New York's Constitution provides as follows:
 "No county, city, town, village or school district shall give or loan any money or property to or in aid of any individual, or private corporation or association, or private undertaking, or become directly or indirectly the owner of stock in, or bonds of, any private corporation or association . . ." (NY Const, Art VIII, § 1).
This provision prohibits a local government from making gifts or loans of their property or funds (Union Free School Dist. No. 3 v Town of Rye,280 N.Y. 469 [1939]; Hess v Board of Ed. of Central School Dist. No. 1,41 A.D.2d 151 [3d Dept, 1973]). An incidental benefit to private interests, however, does not invalidate a municipality's proposed expenditure which is otherwise public in nature (Matter of Murray vLaGuardia, 291 N.Y. 320 [1943]; New York Telephone Co. v Secord Bros.,Inc., 62 Misc.2d 866 [Sup Ct, Erie Co, 1970]).
In the past, we have concluded that a municipality's home rule powers allow it to carry out programs that incidentally benefit private parties as long as a valid public purpose is served at the same time. Valid public purposes have been found in municipal actions to permit blind persons to operate vending concessions on county property (1984 Op Atty Gen [Inf] 137); county funding for a migrant child care center (1985 Op Atty Gen [Inf] 98); town subsidies to extend cable TV service within the town (1985 Op Atty Gen [Inf] 168); and county funded employee incentive award programs (Op Atty Gen No. 86-42); see also, 1981 Op Atty Gen [Inf] 97; 1980 Op Atty Gen [Inf] 88; 1979 Op Atty Gen [Inf] 60). In each of these instances it was concluded that the municipality's power to pass laws to promote the ". . . protection, order, conduct, safety, health and well-being of persons or property [within the municipality]" (NY Const, Art IX, § 2; Municipal Home Rule Law, § 10[1][ii][a][12]) authorized the actions, even though an incidental benefit to private parties was included.
In our opinion, the proposed county donation of an outdated nursing home facility for an enriched housing project for the elderly and handicapped serves a valid public purpose and does not constitute an unconstitutional gift of public funds. Laws which benefit the elderly and handicapped are legion, an indication that legislation which benefits them serves a valid public purpose.
Furthermore, this particular means of supporting the needy — subsidized housing — is equally well established. Article XVIII of the New York Constitution empowers the State to subsidize housing for those in need, reflecting the valid public purpose in your proposed legislation.
We conclude that county donation of an outdated nursing home facility for an enriched housing project for the elderly and handicapped does not violate the constitutional prohibition against gifts of municipal property to private parties.