■ BETHPAGE WATER DISTRICT, Respondent, v *Hendrickson Bros., Inc.,* Appellant.—In an action to recover damages for injury to certain of plaintiff's water mains following installation by the defendant of sewer lines, the defendant appeals from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered September 4, 1986, which, upon a jury verdict, is in favor of plaintiff and against it in the principal sum of $35,368.48, upon a jury verdict.

Ordered that the judgment is affirmed, with costs.

The plaintiff Bethpage Water District, a special improvement district, commenced the instant action to recover damages in connection with 24 water main breaks. The plaintiff alleged, *inter alia,* that these water main breaks were caused by the defendant sewer contractor's negligent installation of sewer improvements beneath the plaintiff's water mains. The sewer improvements were made pursuant to a contract between the defendant and Nassau County. The plaintiff also asserted a cause of action to recover damages for breach of contract based on its alleged status as third-party beneficiary of the sewer installation contract between the defendant and Nassau County.

By the express terms of the defendant's sewer construction contract with Nassau County, the defendant was obligated to "protect in a suitable manner all utilities encountered and

shall repair any damage to structures, utilities and facilities caused by [its] operations. If the nature of the damage is such as to endanger the satisfactory functioning of the utilities and the necessary repairs are not immediately made by the Contractor, the work may be done by the respective owning companies and the cost thereof charged against the Contractor".

Contrary to the defendant's contention, the plaintiff is the third-party beneficiary of this provision because it unambiguously evidences the parties' intent to insure uninterrupted utility service and a corresponding intent to benefit the owner of the utility by imposing on the sewer contractor the burden of protecting and repairing utility installations *(see, Lizza Indus. v Long Is. Light. Co.,* 44 AD2d 681, *appeal dismissed* 36 NY2d 754; *New York Tel. Co. v Secord Bros.,* 62 Misc 2d 866, *affd* 35 AD2d 779).

We further find that the evidence did not justify a charge that the jury consider each of the 24 water main breaks separately because the evidence at trial would not allow the jury to conclude that the defendant's negligence caused some, but not all of the 24 water main breaks. The charge must conform to the evidence, and the court should not submit to the jury issues having no support in the evidence *(see, Cady v City of New York,* 35 AD2d 202, 204).

We reject the defendant's contention that the testimony of the engineer called by the plaintiff was not based on facts in the record or personally known to the witness *(see, O'Shea v Sarro,* 106 AD2d 435; *Stracher v Corning Glass Works,* 39 AD2d 560). The engineer's testimony that water main breaks could be caused by "jetting" (a soil compacting process) backfill was based on (1) the defendant's admission that the backfill had been compacted by jetting at all 24 of the sites where broken water mains were found, (2) the testimony of the plaintiff's witnesses, including the water main repairman who testified that the broken water mains were in excavated soil and that the majority of the breaks were ring splits, and (3) the engineer's personal knowledge of jetting, soil mechanics and backfill compacting.

We have reviewed the defendant's other claims of error with regard to admissibility of evidence and find that they do not warrant reversal. First, the plaintiff's employee's testimony and notes of water main breaks and their proximity to sewer lines were probative on the issues of injury and the causation. The notes were properly admitted as memoranda of past recollection *(see,* Richardson, Evidence § 473 [Prince 10th

ed]). Second, there was no error in reading a contract provision to the jury since the whole contract was in evidence. Third, although it was error to permit a witness to testify over objection as to the total number of water main breaks since the sewer construction began *(see,* Richardson, Evidence §§ 74, 193 [Prince 10th ed]), the error did not prejudice the defendant because earlier unobjected to testimony of other witnesses had already provided the jury with virtually the same information. Therefore, reversal is not warranted on that ground *(see,* CPLR 2002).

Finally, on this record, we cannot say that the jury verdict in favor of the plaintiff was not supported by sufficient evidence, as a matter of law, since it cannot be said that there is " 'no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial' " *(see, Nicastro v Park,* 113 AD2d 129, 132, quoting from *Cohen v Hallmark Cards,* 45 NY2d 493, 499). Moreover, the verdict is not against the weight of evidence *(see, Nicastro v Park, supra).* "A plaintiff is not obligated to eliminate all possibility that the injuries resulted from causes other than a defendant's negligence" *(Ledogar v Giordano,* 122 AD2d 834, 837, *appeal withdrawn* 68 NY2d 911). Lawrence, J. P., Rubin, Eiber and Harwood, JJ., concur.