■ SUFFOLK COUNTY WATER AUTHORITY, Respondent-Appellant, v J.D. POSILLICO, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. SUFFOLK COUNTY, Third-Party Defendant-Respondent. [593 NYS2d 998] —In an action to recover damages arising from breach of contract, negligence, trespass, and a violation of General Business Law article 36, the defendant third-party plaintiff, J.D. Posillico, Inc., appeals (1) from an order of the Supreme Court, Suffolk County (Hand, J.), dated September 20, 1990, which granted the third-party defendant's motion to dismiss the third-party complaint, and denied its cross motion to dismiss the plaintiff's tort causes of action and to dismiss the third-party defendant's counterclaim for fees and costs incurred in the instant lawsuit, and (2) as limited by its brief, from so much an order of the same court (Doyle, J.), dated January 22, 1991, as, upon reargument and renewal, adhered to the original determination and further granted the plaintiff's cross motion for partial summary judgment declaring that it is the third-party beneficiary of the contracts for construction of the Southwest Sewer District entered into between the defendant and the third-party defendant, and the plaintiff cross-appeals from so much of the order dated September 20, 1990, as denied its cross motion for partial summary judgment.

Ordered that the appeal and the cross appeal from the order dated September 20, 1990 are dismissed, as that order was superseded by the order dated January 22, 1991, made upon reargument and renewal; and it is further,

Ordered that the order dated January 22, 1991, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff and the third-party defendant are awarded one bill of costs.

In the mid to late 1970's, Suffolk County, the third-party defendant, contracted with, among others, the defendant third-party plaintiff J.D. Posillico, Inc. (hereinafter Posillico), to install a vast sewer system throughout Suffolk County, including the area under the control of the plaintiff Suffolk County Water Authority (hereinafter the SCWA). Sometime after the sewer system was installed, the area surrounding the sewer lines settled, causing damage to the adjacent roadways, sidewalks and curbs and the SCWA's subterranean water mains and pipes. This suit represents one of many commenced by various plaintiffs against Posillico and other contractors. The gravamen of the SCWA's complaint is that Posillico failed to properly backfill the areas where they excavated. Consequently, its water mains and pipes were damaged because the backfill provided insufficient subterranean support. Further, Posillico trespassed upon its chattels and damaged the water mains and pipes during construction. The SCWA, asserting that it is a third-party beneficiary of the contracts between Posillico and Suffolk County, asserted causes of action sounding, *inter alia,* in breach of contract, trespass, and negligence.

Thereafter, Posillico served a third-party complaint on Suffolk County seeking indemnity and contribution on all claims made by the SCWA. In its answer to the third-party complaint, Suffolk County asserted that the claims against it were barred by waiver and indemnity clauses contained in the contracts, and it counterclaimed for litigation costs pursuant to the terms of the contract. Suffolk County moved to dismiss the third-party complaint and the SCWA cross-moved for partial summary judgment adjudging it a third-party beneficiary under the Suffolk County contracts. Posillico then cross-moved to dismiss all of the SCWA's causes of action sounding in tort and to dismiss Suffolk County's counterclaim for litigation costs. The Supreme Court granted Suffolk County's motion to dismiss the third-party complaint, denied Posillico's cross motion, and granted the SCWA partial summary judgment, holding that it was a third-party beneficiary under the contracts. We now affirm.

The court properly denied that branch of Posillico's motion which was to dismiss the SCWA's causes of action sounding in trespass to chattels and negligence concerning the backfill. Apart from any contractual duty, Posillico had a duty to avoid damage to the SCWA's pipes *(see, Buckeye Pipeline Co. v Congel-Hazard, Inc.,* 41 AD2d 590), and prevent erosion of the lateral support of the adjacent roadways, sidewalks and curbs *(see, Village of Haverstraw v Eckerson,* 192 NY 54; *Booth v*

*Rome, Watertown & Ogdensburg Term. R. R. Co.,* 140 NY 267; 64 NY Jur 2d, Highways, Streets, and Bridges, § 232). Thus, contrary to Posillico's contentions, the tort causes of action were not a mere rewording of the contract claims *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382).

Further, the court properly granted partial summary judgment to the SCWA. Since the contracts gave the SCWA an express right to enforce their provisions and evinced a specific intent to benefit the SCWA, it follows that the SCWA is a third-party beneficiary of Posillico's contracts with Suffolk County *(see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314; *Bethpage Water Dist. v Hendrickson Bros.,* 138 AD2d 660; *Lizza Indus. v Long Is. Light. Co.,* 44 AD2d 681; *New York Tel. Co. v Secord Bros.,* 62 Misc 2d 866, *affd* 35 AD2d 779). There is no merit to Posillico's claim that it did not have an opportunity to address the SCWA's motion for partial summary judgment. Posillico presented a defense to that motion, and the issues raised therein were fully litigated before the Supreme Court *(see, e.g., Fox Wander W. Neighborhood Assn. v Luther Forest Community Assn.,* 178 AD2d 871; *Catania v Lippman,* 98 AD2d 826; *Haskell v State of New York,* 81 AD2d 953; *Perez v Perez,* 131 AD2d 451).

In addition, the court properly dismissed the third-party complaint seeking indemnity or contribution. Posillico alleged that the contracts it entered into were drafted by Suffolk County, that it "had no ability to alter the terms or specifications of the contracts", that "[t]he aforementioned contracts mandated the method and manner to be utilized * * * in performing the sewer construction" and that Suffolk County would "supervise, manage and maintain said sewer construction projects". Therefore, Posillico concluded that any damages were caused by "the negligent acts and/or omissions of the [County]".

However, Posillico never alleged in the third-party complaint any negligent act on the part of Suffolk County. Nowhere did Posillico allege, for example, that the contract or specifications required it to follow negligent designs *(see, Loconti v Creede,* 169 AD2d 900; *Pioli v Town of Kirkwood,* 117 AD2d 954; *Ryan v Feeney & Sheehan Bldg. Co.,* 239 NY 43; *Ferrari v Barleo Homes,* 112 AD2d 137). Therefore, the third-party complaint fails to state a cause of action sounding in negligence. This deficiency was not cured by any of the affidavits or documentary evidence supplied in the motion papers *(see, Canter v Mulnick,* 60 NY2d 689). Indeed, those portions of the contracts submitted to the court disclose that Posillico

retained discretion and responsibility for providing "the best type of construction, both as to materials and workmanship, which reasonably can be interpreted".

We also find no merit to the claim that Posillico is entitled to indemnification or contribution with respect to the causes of action based upon breach of contract (see, Board of Educ. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21).

The court properly denied that branch of Posillico's motion which was to dismiss Suffolk County's counterclaim for fees and costs pursuant to the terms of the contract.

We have examined the parties' remaining contentions and found them to be without merit. Lawrence, J. P., Eiber, Miller and Pizzuto, JJ., concur.