Sharon Jefferson, Respondent, v Village of Ossining et al., Appellants. [795 NYS2d 83]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Barone, J.), entered October 19, 2004, which

denied their motion for summary judgment dismissing the complaint on the grounds of qualified immunity for authorized emergency vehicles under Vehicle and Traffic Law § 1104 and that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants' evidence, which consisted of the plaintiff's General Municipal Law § 50-h hearing and deposition testimony, medical records, and the affirmed report of their own examining physician, was sufficient to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The plaintiff's opposition, which consisted solely of an affirmation of the plaintiff's attorney, was clearly insufficient to raise a triable issue of fact (*see Carpluk v Friedman*, 269 AD2d 349, 350 [2000]; *Sloan v Schoen*, 251 AD2d 319 [1998]). Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been granted.

In light of our determination, we need not reach the parties' remaining contentions. H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.