■ Joseph O. Huerta et al., Appellants, v Emmanuel A. Longo et al., Respondents. [881 NYS2d 132]—In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated May 15, 2008, as granted that branch of the defendants' motion which was for leave to make a late motion for summary judgment and, thereupon, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Joseph O. Huerta on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the appeal by the plaintiff Rosalba Rojas is dismissed, as that plaintiff is not aggrieved by the portions of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff Joseph O. Huerta; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The defendants demonstrated good cause for their delay in making a motion for summary judgment, and the Supreme

Court providently exercised its discretion in entertaining the late motion (see CPLR 3212 [a]; *Miceli v State Farm Mut. Auto. Ins. Co.,* 3 NY3d 725, 726-727 [2004]; *Brill v City of New York,* 2 NY3d 648, 652 [2004]; *Kunz v Gleeson,* 9 AD3d 480, 481 [2004]). On the merits, the defendants met their prima facie burden of showing that the plaintiff Joseph O. Huerta did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see *Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). Huerta's opposition, consisting solely of an affirmation of his attorney, was insufficient to raise a triable issue of fact (see *Jefferson v Village of Ossining,* 18 AD3d 502, 503 [2005]). Rivera, J.P., Dillon, Covello, Eng and Hall, JJ., concur.