■ ENCOMPASS INSURANCE COMPANY, as Subrogee of William McSweeney, Respondent, v SUFFOLK COUNTY WATER AUTHORITY, Appellant. [945 NYS2d 751]—

In a subrogation action to recover insurance benefits paid by the plaintiff to its insured for injury to property, the defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated May 18, 2011, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On the morning of February 10, 2007, a water main located at the intersection of Peckham and Garretson Avenues in Islip ruptured, causing damage to the property of the plaintiff's insured. Pursuant to a policy of insurance, the plaintiff paid its insured $37,879.23 to cover the damage. The plaintiff then commenced this subrogation action against the defendant, Suffolk County Water Authority, alleging that it had negligently maintained the subject water main.

The defendant moved for summary judgment dismissing the complaint on the ground that it did not have notice of the alleged dangerous condition that caused the subject water main to rupture. The Supreme Court denied the defendant's motion. The defendant appeals, and we reverse.

A water company has the duty of maintaining and repairing its water mains so as to avoid injury to abutting property owners and the public generally (see De Witt Props. v City of New York, 44 NY2d 417, 423 [1978]). However, it is not an insurer of its system, and it cannot be held liable unless it is shown that the injury was caused by negligence in, inter alia, the maintenance of its system (id. at 424). Thus, "if the municipality has notice of a dangerous condition . . . it must make reasonable efforts to inspect and repair the defect" (id.).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, an affidavit from Herman Miller, its Deputy Chief Executive Officer for

Operations, who concluded that the subject water main ruptured as a result of the combination of frost loading, which occurs when freezing temperatures cause the soil to expand, thereby placing added pressure on the water main, and improper backfilling. With respect to backfilling, Miller explained that in the mid-to-late 1970s, the County of Suffolk, an entity separate from the defendant, contracted with certain contractors to install a vast sewer system known as the Southwest Sewer District. While performing sewer installations in the Southwest Sewer District, these contractors did not properly backfill many areas where they had excavated (*see Suffolk County Water Auth. v J.D. Posillico, Inc.*, 191 AD2d 422 [1993]). Over the years, as the soil in the areas surrounding the sewer lines began to settle, some of the defendant's water mains were left with insufficient subterranean support. Although there have been a number of water main breaks in the Southwest Sewer District, an area consisting of 810 miles of water main, a search of the defendant's records back to 1972 revealed that there had been no breaks in the subject water main. Through this evidence the defendant established, prima facie, that it did not have notice of a dangerous condition. The settlement of soil from the improper backfilling was not visible and apparent, since it occurred underground (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 838 [1986]). Further, the fact that the defendant was generally aware that improper backfilling caused other water main breaks was insufficient to constitute notice regarding this particular water main (*see Mauge v Barrow St. Ale House*, 70 AD3d 1016, 1017 [2010]; *Ellisy v Eklecco, LLC*, 56 AD3d 517, 518 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Jefferson v Village of Ossining*, 18 AD3d 502, 503 [2005]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Florio, J.P., Balkin, Chambers and Cohen, JJ., concur.