Harold J. Crawford, J.
Defendants challenge the legal sufficiency of each of the two causes of action set forth in the amended complaint. They do so — with respect to the first cause of action—on the ground that parts of paragraphs “ 9 ” and “ 10 ” thereof are defective because conclusory, and that as owner of a franchise and easements not appurtenant to the land, plaintiff cannot maintain an action in trespass, and in any event, none of its rights were violated by such alleged trespass. As to the second cause of action, sounding in negligence, defendants contend that it does not lie because it is dependent upon the claimed conclusory allegations in paragraphs “9” and “ 10 ” of the first cause, incorporated by reference in the second, and, additionally, no duty was owed to the plaintiff by defendants as developers of land with respect to the streets, avenues and lanes within or bordering the development.
In this court’s view the allegations characterized as conclusory are not defective since they are mixed conclusions of law and statements of fact (3 Carmody-Wait, New York Practice, ch. 27, § 32, p. 463.) In any event the “ plain and concise statement of the material facts ” contemplated by section 241 of the Civil Practice Act has been held not to mean 1 ‘ a recitation of the evidence of the facts. It means a statement of fact in conclusory form.” (Latta Brook Corp. v. Bo Products Corp., 9 A D 2d 158, 159-160.) The court will, therefore, consider whether on the facts pleaded, either or both causes of action state a wrong actionable under our law.
Taking as true the relevant allegations of the amended complaint together with the three documents therein incorporated as exhibits, and the reasonable inferences that may be drawn therefrom (St. Regis Tribe of Mohawk Indians v. State of New York, 5 N Y 2d 24, 36 ; Schwartz v. Heffernan, 304 N. Y. 474, 482 ; *90 Wolf v. Gold, 9 A D 2d 257), we have the following situation:
By resolution dated January 27, 1888 (Exhibit “ A ”) plaintiffs’ predecessor was granted by the former Town of Jamaica the right “ to maintain and lay pipes and hydrants for delivering and distributing water in any street, highway or public place of the Town of Jamaica, excepting within that part of the Town of Jamaica included within the corporate Village of Jamaica.” The plaintiff and its predecessor corporations installed and maintained a water distribution system, owned by them, consisting of mains, fire hydrants and appurtenances within the beds of certain streets and lanes shown in Exhibit “ B ” traversing an area generally known as “ Lindenwood ” in the Howard Beach section of Queens County, the ownership of which defendants acquired in recent years and on which they have undertaken the development of housing projects.
The foregoing Avater distribution system is claimed to have been installed by plaintiff and its predecessors pursuant to the franchise embodied in Exhibit “A” and grants of easements made by the owners of the land lying Avithin the beds of the lanes, streets and avenues traversed by the said system, which grants of easements vested in the plaintiff and its predecessors the exclusive right to lay and maintain its water system in said lanes, streets and avenues; that by deed dated April 22, 1930 (Exhibit “ C ”) the plaintiff Avas granted “ perpetual right to lay, relay, operate and maintain a Avater main or mains, both supply and distribution, and appurtenances, including domestic services and fire hydrants ” in the area directly involved in this action; that the rights of the plaintiff in and to the use of said lanes, streets and avenues, by AÚrtue of the aforesaid franchise and easements were and are superior and prior to any rights of the defendants thereto, and that at all times the defendants knew of the existence of said franchise and easements and kneAV that plaintiff’s mains and hydrants had been installed and maintained as aforesaid in said lanes, streets and avenues.
It is then alleged that commencing in or about July, 1958 the defendants, in connection Avith the improvement and development of their lands fronting on said lanes, streets and avenues,
" knowingly, Avilfully, intentionally and unlaAvfully interfered Avith, injured and destroyed plaintiff’s aforesaid water distribution system and easements by placing, dumping and compressing vast quantities of soil and rock fill thereon to a height of approximately ten feet above the existing grades of the lanes, streets and avenues, particularly in 155th Avenue and 79th Street, thus burying said mains in said avenue and street beneath *91 more than fourteen feet of soil and completely burying and submerging the five fire hydrants affected ”; that as a result of the foregoing acts the plaintiff’s mains and hydrants were rendered entirely inaccessible for repair and servicing, particularly in emergencies, and the dumping of the soil and rock fill by trucks and the weight and compression of the said fill greatly increased the pressure on the mains, thus weakening them and creating a continuously dangerous condition; in addition, the fire hydrants were submerged and rendered inaccessible, thus increasing the fire hazard in the vicinity; that as a result of the foregoing, a portion of the main in 79th Street developed a crack during about January, 1959, and waters from that main flooded cellars, requiring emergency repairs extending over several days, with suspension of service at plaintiff’s cost, besides the cost of repair of hydrant No. 655, and the loss of revenue; that plaintiff’s distribution system in this area was further rendered inoperable, and plaintiff was rendered incapable of safely and adequately furnishing the water requirements of its present and future customers, including the City of New York, resulting in plaintiff’s being compelled to turn over the system and customers in this area to the City of New York, without receiving any payment therefor, in view of the city’s undertaking to service said area, and plaintiff’s entire distribution system therein has been destroyed and rendered useless and worthless.
Plaintiff claims that by reason of the acts of the defendants, it has lost revenue from its existing customers in the area, and will lose future revenue from said customers and from an anticipated increase thereof, all to its damage in the sum of $150,000.
After incorporating all of the allegations of the first cause of action, plaintiff alleges in its second that in disregard of their duty not to interfere with, injure and destroy plaintiff’s franchise and easement rights as aforesaid and its water distribution system, the defendants, their agents, servants and employees knowingly, carelessly and negligently placed, dumped and compressed vast quantities of soil and rock fill on plaintiff’s mains and hydrants to a height of approximately 10 feet above the existing grades of the streets, avenues and lanes, particularly in 155th Avenue and 79th Street, thus causing the injuries and damages to plaintiff set forth in the first cause of action, which injuries and damages were caused solely by the defendants, their agents, servants and employees, without any negligence on the part of the plaintiff contributing thereto.
It is indeed true that the more possession “ of an easement *92 overland is held not to be sufficient to support an action of trespass for an injury to or disturbance in the enjoyment thereof.” (52 Am. Jur., Trespass, § 28, p. 857.) The defendants rely heavily on the comprehensive decision of Mr. Justice Ward in Socony-Vacuum Oil Co. v. Bailey (202 Misc. 364). That was an action by a producer and a distributor of oil and petroleum products who owned an easement to maintain and operate, and for a long period of time operated, a pipeline across certain rural property now owned by another. At the time in question the plaintiff operated its pipeline in accordance with its easement. The owner of the land entered into a contract with the defendant to level its property, and, in so doing, defendant operated a bulldozer in such a manner that it ran into and broke the pipeline. The court dismissed the complaint, after trial, holding that an action in trespass does not lie against one who unintentionally damages a pipeline on land under easement, the existence of which pipeline and easement is not known to him.
In the case at bar, however, we are dealing not with evidence adduced at a trial but with a complaint challenged for legal insufficiency, the allegations of which we must temporarily accept as true. (First Nat. Bank v. International Radiant Corp., 5 A D 2d 1043.) In the Socony-Vacuum Oil Co. case (supra, p. 367) the court found that “ There is no proof that the defendant intended to strike the pipe and, in fact, it is clearly established to the contrary, for he did not know the existence or location of the line, nor is he charged with such knowledge for purposes of determining whether his action was intentional.” In the case at bar it is charged that the defendants kneio of the existence of plaintiff’s franchise and easements and that its mains and hydrants, installed and maintained pursuant thereto, were there before the defendants acquired their land; and that said defendants knowingly, willfully, intentionally and unlawfully interfered with, injured and destroyed plaintiff’s water distribution system and easements. That the plaintiff’s proof at the trial may fall short of establishing this charge as fact does not destroy the sufficiency of a cause of action as a matter of pleading. (Denihan Enterprises v. O’Dwyer, 302 N. Y. 451, 458.)
This court is of the opinion that the plaintiff has sufficiently alleged an easement which has been knowingly and intentionally injured by the defendants; and even if the injury be found to be unintentional, the facts alleged in the second cause of action contain allegations of all elements necessary to spell out a cause of action in negligence. (See Kimbar v. Estis, 1 N Y 2d 399, 403.) It may be noted that in the Socony-Vacuum Oil Co. case (supra) a cause of action in negligence was not involved.
*93 The motion is, accordingly, denied, with leave to the defendants to serve their answer within 10 days after the service of a copy of the order to he entered herein.