■ BUCKEYE PIPELINE COMPANY, INC., Appellant, v. CONGEL-HAZARD, INC., et al, Respondents. (Appeal No. 1.) — Judgment unanimously reversed on the law and facts and a new trial granted with costs to abide the event. Memorandum: Plaintiff appeals from judgments dismissing its complaint against both defendants in its action to recover for damage to its underground fuel line sustained on May 26, 1967 when an excavating machine operated by defendant Congel-Hazard struck and injured the line, requiring it to be replaced by new pipe. The trial court erroneously dismissed the second cause of action in which plaintiff alleged that defendant Congel-Hazard entered into and trespassed upon plaintiff's pipeline easement. The easement conveyed to plaintiff by the fee owner of the land granted it the right to install, maintain and operate a pipeline for the transmission of petroleum products through and under the grantor's land. The owner of a pipeline easement may maintain an action for trespass to chattels against one who damages the pipeline with intent to do the very act which results in the immediate damage (*Utilities & Ind. Corp.* v. *Linko Corp.*, 28 Misc 2d 88; *Socony-Vacuum Oil Co.* v. *Bailey*, 202 Misc. 364, 366-367; *Wisconsin Tel. Co.* v. *Reynolds*, 2 Wis. 2d 649; Prosser, Law of Torts, [4th ed.], p. 76-77). " Under the principle of law that allows recovery for a trespass to chattels, it is necessary that the defendant have acted for the purpose of interfering with the chattel, or what is almost the same thing, that he have acted with knowledge that such would be the result of his conduct. " (1 Harper & James, Law of Torts, § 2.5, p. 109.) " Trespass is an intentional harm at least to this extent; while the trespasser, to be liable, need not intend or expect the damaging consequence of his intrusion, he must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he willfully does, or which he does so negligently as to amount to willfulness. " (*Phillips* v. *Sun Oil Co.* 307 N. Y. 328, 331.) Defendant Congel-Hazard, with knowledge shown by the project map that plaintiff's pipeline was located near Station 404 + 35 and being informed that plaintiff would on the day of the incident stake out the exact location of its line by use of an M scope, failed to wait for such staking and continued to excavate to a depth of 10 feet and a width of 20 feet into the Station 404 + 35 area where it struck and injured plaintiff's pipe line. On the evidence the jury might well find that defendant Congel-Hazard acted willfully with knowledge that such injury would be the result of its conduct and that its intrusion was the immediate or inevitable consequence of what it willfully did. The evidence is sufficient to support a verdict against defendant Congel-Hazard in the trespass action. The findings by the jury on the issues of negligence and contributory negligence are against the weight of the evidence and a new trial should be had of the negligence actions as well as the action based on trespass. (Appeal from judgment of Onondaga Trial Term dismissing complaint in action for damages to pipeline.) Present — Goldman, P. J., Marsh, Moule, Cardamone and Henry, JJ.

■ BUCKEYE PIPELINE COMPANY, INC., Appellant, v. CONGEL-HAZARD, INC., Defendant and Third-Party Plaintiff. SAMUEL W. WILLIAMS, JR., et al., Doing Business as O'BRIEN & GERE, Third-Party Defendants-Respondents. (Appeal No. 2.) — Judgment unanimously reversed, on the law and facts, and a new trial granted, with costs to abide the event. Same memorandum as in *Buckeye Pipeline Co.* v. *Congel-Hazard* (41 A D 2d 590) decided herewith. (Appeal from judgment of Onondaga Trial Term dismissing complaint in action for damages to pipeline.) Present — Goldman, P. J. Marsh, Moule, Cardamone and Henry, JJ.