■ GEORGE C. DINSTBER III, Respondent, et al., Plaintiff, v JOSEPH FLUDD et al., Appellants. [768 NYS2d 633]—In an action to recover damages for personal injuries, the defendants appeal (1) from an order of the Supreme Court, Nassau County (Phelan, J.), dated January 7, 2003, which granted the motion of the plaintiff George C. Dinstber III for leave to enter a default judgment, and (2), as limited by their brief, from so much of an order of the same court dated April 8, 2003, as, upon granting

their motion for reargument, adhered to the prior determination.

Ordered that the appeal from the order dated January 7, 2003, is dismissed, as that order was superseded by the order dated April 8, 2003, made upon reargument; and it is further,

Ordered that the order dated April 8, 2003, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

In order to successfully oppose a motion for leave to enter a default judgment based upon the failure to timely serve an answer, a defendant must demonstrate a reasonable excuse for its delay and the existence of a meritorious defense (see *Gurreri v Village of Briarcliff Manor*, 249 AD2d 508 [1998]). The defendants in this case failed to satisfy either requirement. Therefore, the Supreme Court properly granted the respondent's motion for leave to enter a default judgment.

We further find that, upon reargument, the defendants improperly raised a new issue (see *Foley v Roche*, 68 AD2d 558, 568 [1979]). Accordingly, the Supreme Court properly adhered to its original determination. Santucci, J.P., Goldstein, Schmidt and Cozier, JJ., concur.