■ TORIANNE THOMPSON, Respondent, v STEUBEN REALTY CORP. et al., Appellants. [795 NYS2d 470]—

In an action to recover damages for personal injuries, Steuben Realty Corp., Joseph Broch Realty, also known as JBR Realty, and JBR Realty Management Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated December 3, 2004, as granted the plaintiff's motion for leave to enter judgment against them upon their failure to appear or answer the complaint, and denied their cross motion to vacate their default.

Ordered that the order is affirmed insofar as appealed from, with costs.

To successfully oppose the plaintiff's motion for leave to enter

judgment against them upon their failure to appear or answer the complaint, the appellants were required to demonstrate a reasonable excuse for their default in answering and a meritorious defense (*see* CPLR 5015 [a] [1]; *Dinstber v Fludd*, 2 AD3d 670, 671 [2003]; *Siu Lung Cheng v Leader Jewelry Corp.*, 246 AD2d 526 [1998]; *Albano v Nus Holding Corp.*, 233 AD2d 280, 281 [1996]). Generally, the determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the court; however, reversal is warranted where the court improvidently exercises that discretion (*see Levy Williams Constr. Corp. v United States Fire Ins. Co.*, 280 AD2d 650, 651 [2001]). In making its determination, the court should consider relevant factors such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits (*see Orwell Bldg. Corp. v Bessaha*, 5 AD3d 573, 574 [2004]). Contrary to the appellants' contention, they failed to present a reasonable excuse for their delay in answering after the insurance carrier disclaimed coverage on or about January 23, 2004. Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion and in denying the appellants' cross motion to vacate their default (*see Robinson v 1068 Flatbush Realty, Inc.*, 10 AD3d 716, 716-717 [2004]; *compare Seccombe v Serafina Rest. Corp.*, 2 AD3d 516 [2003]; *Perez v Linshar Realty Corp.*, 259 AD2d 532, 533 [1999]; *Fire Is. Pines v Colonial Dormer Corp.*, 109 AD2d 815, 816 [1985]). H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.