■ NATURAL ORGANICS, INC., Appellant, v WILBERT SMITH et al., Respondents. [832 NYS2d 76]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated January 19, 2006, as granted those branches of the defendants' motion pursuant to CPLR 3211 (a) (7) which were to dismiss the first and fourth causes of action and so much of the second, third, and fifth causes of action insofar as asserted against the defendant Nature's Way Products, Inc.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion pursuant to CPLR 3211 (a) (7) which were to dismiss the first and fourth causes of action and so much of the second, third, and fifth causes of action insofar as asserted against the defendant Nature's Way Products, Inc., are denied.

Upon a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the pleadings must be liberally construed (see CPLR 3026). "The question presented for review is not whether [the plaintiff] should ultimately prevail in this litigation, but rather, more narrowly, whether [its complaint] state[s] cognizable causes of action" (*Becker v Schwartz,* 46 NY2d 401, 408 [1978]; *cf. Sotomayor v Kaufman, Malchman, Kirby & Squire,* 252 AD2d 554 [1998]). For the purposes of review, the court must assume the allegations in the complaint to be true, "accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *see Rovello v Orofino Realty Co.,* 40 NY2d 633, 634 [1976]).

The plaintiff sufficiently pleaded a cause of action alleging breach of contract. Contrary to the reasoning of the Supreme Court, the complaint adequately alleged that the defendant Wilbert Smith, inter alia, breached his contractual undertaking of nondisclosure of the plaintiff's trade secrets and other confidential data. Indeed, the Supreme Court appropriately recognized this in upholding the plaintiff's cause of action against Smith alleging a breach of fiduciary duty.

The branches of the motion which were to dismiss the causes of action alleging the aiding and abetting of a breach of fiduciary duty, misappropriation of trade secrets, interference with contractual relations, and unfair competition insofar as asserted against the defendant Nature's Way Products, Inc., should also have been denied. These causes of action also were adequately

pleaded. Crane, J.P., Krausman, Fisher and Dickerson, JJ., concur.