■ NATURAL ORGANICS, INC., Appellant, v DENNIS STAFFORD et al., Respondents. [830 NYS2d 667]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated January 19, 2006, as granted those branches of the defendants' motion pursuant to CPLR 3211 (a) (7) which were to dismiss the first and fourth causes of action and so much of the second, third, and fifth causes of action insofar as asserted against the defendant Nature's Way Products, Inc.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion pursuant to CPLR 3211 (a) (7) which were to dismiss the first and fourth causes of action and so much of the second, third, and fifth causes of action insofar as asserted against the defendant Nature's Way Products, Inc., are denied (*see Natural Organics, Inc. v Smith,* 38 AD3d 628 [2007] [decided herewith]). Crane, J.P., Krausman, Fisher and Dickerson, JJ., concur.

■ BRAD NEWTON, Respondent, v THE NUTTY IRISHMAN, Appellant. [831 NYS2d 509]—In an action, inter alia, to recover damages for assault, the defendant appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated April 6, 2006, which granted the plaintiff's motion for leave to enter a default judgment against it upon its failure to answer the complaint.

Ordered that the order is affirmed, with costs.

To successfully oppose the plaintiff's motion for leave to enter a default judgment against it based on its failure to answer, the defendant was required to demonstrate a reasonable excuse for its default and a meritorious defense (*see Platinum RX, LLC v Pose,* 31 AD3d 522 [2006]; *Thompson v Steuben Realty Corp.,* 18 AD3d 864, 864-865 [2005]). The defendant failed to present a reasonable excuse for its delay in answering after its insurance company disclaimed coverage by letter dated October 4, 2005 (*see Thompson v Steuben Realty Corp., supra* at 865). Accordingly, the Supreme Court properly granted the plaintiff's motion. Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.