■ Verizon New York, Inc., Respondent, v Village of Athens, Appellant. [840 NYS2d 484]—

Lahtinen, J. Appeal from an order of the Supreme Court (Doyle, J.), entered September 21, 2006 in Greene County, which denied defendant's motion for summary judgment dismissing the complaint.

In November 2003, employees of defendant's Public Works Department responded to a report received during the evening of "water boiling out of the ground," and they discovered a break in the water main. They started digging to reach the pipe for repairs, but struck and damaged an underground cable owned by plaintiff in the process. After the cable was damaged, defendant notified plaintiff, which had a representative on the scene within about an hour. Plaintiff subsequently commenced this action seeking monetary compensation for damages to its property. Defendant moved for summary judgment dismissing the action asserting that it was protected by governmental immunity. Supreme Court denied the motion and defendant now appeals.

Excavation work is governed by statutes and regulations designed to protect underground facilities and which set forth various procedures to be followed when engaging in such work (see General Business Law art 36; Public Service Law § 119-b; 16 NYCRR part 753). These procedures apply to municipalities which undertake excavation work (see General Business Law § 760 [1], [5]; 16 NYCRR 753-1.2 [i], [q]). "The [excavator] ha[s] a duty to avoid damage to the underground [facilities] and the [excavator's] violation of the statute's implementing rules and regulations . . . constitutes some evidence of negligence which may be properly considered by the factfinder" (Watral & Sons, Inc. v OC Riverhead 58, LLC, 34 AD3d 560, 567 [2006] [citation omitted]; see City of Albany v Central Locating Serv., 228 AD2d 920, 922 [1996]). The regulations provide that excavators must contact the one-call notification system serving the vicinity (in this instance "Dig Safely New York") prior to commencing or engaging in any nonemergency excavation (see 16 NYCRR 753-3.1 [a]). In the case of an emergency, excavation may proceed without prior notification "if the situation is so serious that the

excavation or demolition cannot reasonably be delayed" (16 NYCRR 753-3.1 [b]). However, the emergency provision requires excavators to "notify the one-call notification system as soon as possible that [work] is commencing or is underway" (16 NYCRR 753-3.1 [b]).

Defendant argues that, notwithstanding the statutes and regulations regarding excavation, its actions were completely covered by immunity. A municipality is immune for official action involving the exercise of discretion but not for ministerial action (*see Tango v Tulevech*, 61 NY2d 34, 40 [1983]; *Litchhult v Reiss*, 183 AD2d 1067, 1068 [1992], *lv denied* 81 NY2d 737 [1992]). While distinguishing between discretionary and ministerial acts is not without difficulty (*see Tango v Tulevech, supra* at 40), the general rule is that "discretionary or quasi-judicial acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result" (*id.* at 41).

Here, defendant's determination, that a break in a water main (which supplied drinking water to the village from a 650,000 gallon storage tank) presented it with an emergency necessitating immediate action, was discretionary in nature. Although the decision to proceed under the emergency provisions was thus covered by immunity (*see id.* at 41), that decision nevertheless triggered requirements for additional actions that were ministerial in nature, including notifying Dig Safely New York as soon as possible that work was about to or had commenced. No notification was made until plaintiff's cable had already been damaged. It is not clear from the record how long this work had been in progress before plaintiff's cable was damaged. Defendant's Superintendent of Public Works indicated that he had not planned to call until the work was completed. Whether the delay in contacting the one-call notification system constituted negligence and, if so, whether it was a proximate cause of plaintiff's damages under all the circumstances are among the issues that cannot be decided as a matter of law on this record.

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.