SPYRIDON KOUZIOS et al., Respondents, v MEIR DAVID DERY, Appellant. [871 NYS2d 303]—

The Supreme Court providently exercised its discretion in granting the plaintiffs' motion for leave to enter a default judgment on the issue of liability upon the defendant's failure to answer and to set the matter down for an inquest on the issue of damages. To successfully oppose the plaintiffs' motion, the defendant was required to demonstrate a reasonable excuse for his default and the existence of a meritorious defense (*see* CPLR 5015 [a] [1]; *Giovanelli v Rivera,* 23 AD3d 616 [2005]; *Mjahdi v Maguire,* 21 AD3d 1067, 1068 [2005]; *Thompson v Steuben Realty Corp.,* 18 AD3d 864, 865 [2005]; *Dinstber v Fludd,* 2 AD3d 670, 671 [2003]). Although a court has the discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005), the defendant's conclusory, undetailed, and uncorroborated claim of law office failure did not amount to a reasonable excuse (*see Matter of ELRAC, Inc. v Holder,* 31 AD3d 636, 637 [2006]; *McClaren v Bell Atl.,* 30 AD3d 569 [2006]; *Matter of Denton v City of Mount Vernon,* 30 AD3d 600, 601 [2006]; *Solomon v*

*Ramlall,* 18 AD3d 461 [2005]). Moreover, the Supreme Court providently exercised its discretion in rejecting the defendant's further claim that he assumed that he did not need to answer the complaint because of purported settlement negotiations (*see Antoine v Bee,* 26 AD3d 306 [2006]; *Majestic Clothing Inc. v East Coast Stor., LLC,* 18 AD3d 516, 518 [2005]). Furthermore, the defendant failed to demonstrate the existence of a meritorious defense. Fisher, J.P., Covello, Balkin and Belen, JJ., concur.