■ KEONI MAY, Appellant, v HARTSDALE MANOR OWNERS CORP., Defendant, and CDT REAL ESTATE MANAGEMENT CORP., Respondent. [900 NYS2d 359]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered October 30, 2009, which denied his motion for leave to enter judgment on the issue of liability against the defendant CDT Real Estate Management Corp. upon its default in answering, and granted that defendant leave to serve a late answer.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion for leave to enter judgment on the issue of liability against the defendant CDT Real Estate Management Corp. is granted.

To successfully oppose a motion for leave to enter a default judgment based on the failure to timely serve an answer, a defendant must demonstrate a reasonable excuse for its delay and the existence of a meritorious defense (*see Kouzios v Dery*, 57 AD3d 949 [2008]; *Giovanelli v Rivera*, 23 AD3d 616 [2005]; *Mjahdi v Maguire*, 21 AD3d 1067, 1068 [2005]; *Thompson v Steuben Realty Corp.*, 18 AD3d 864, 865 [2005]; *Dinstber v Fludd*, 2 AD3d 670, 671 [2003]). Here, the defendant CDT Real Estate Management Corp. (hereinafter CDT) attempted to place the blame for its default in answering upon its insurance company. However, CDT already was in default by the time it finally forwarded the summons and complaint to its insurance broker, and CDT failed to offer any explanation for this delay. Accordingly, it was an improvident exercise of discretion to excuse the default of CDT, and to extend its time to serve an answer in the absence of a cross motion for such relief (*see* CPLR 2215; *Zino v Joab Taxi, Inc.*, 20 AD3d 521, 522 [2005]; *Hosten v Oladapo*, 44 AD3d 1006 [2007]). Fisher, J.P., Covello, Balkin, Leventhal and Lott, JJ., concur.