◼ LEVEL 3 COMMUNICATIONS, LLC, Appellants-Respondents, v PETRILLO CONTRACTING, INC., Defendant, and CONCRETE CUTTING COMPANY, INC., Respondent-Appellant. [902 NYS2d 113]—

In an action to recover damages for injury to property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered April 3, 2009, as denied their motion for summary judgment on the issue of liability against the defendant Concrete Cutting Company, Inc., and granted that branch of the cross motion of the defendant Concrete Cutting Company, Inc., which was for summary judgment dismissing the cause of action to recover damages for negligence insofar as asserted against it, and the defendant Concrete Cutting Company, Inc., cross-appeals from so much of the same order as denied that branch of its

cross motion which was for summary judgment dismissing the cause of action to recover damages for trespass to chattels insofar as asserted against it.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment on the issue of liability with respect to the cause of action to recover damages for negligence insofar as asserted against the defendant Concrete Cutting Company, Inc., and substituting therefor a provision granting that branch of the plaintiffs' motion, and (2) by deleting the provision thereof granting that branch of the cross motion of the defendant Concrete Cutting Company, Inc., which was for summary judgment dismissing the cause of action to recover damages for negligence insofar as asserted against it, and substituting therefor a provision denying that branch of the cross motion of the defendant Concrete Cutting Company, Inc.; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiffs.

The plaintiffs, Level 3 Communications, LLC (hereinafter Level 3), and WilTel Communications, LLC (hereinafter WilTel), commenced this action against, among others, the defendant Concrete Cutting Company, Inc. (hereinafter Concrete Cutting), to recover damages for injury to property allegedly caused when Concrete Cutting used a mechanized saw to cut into a roadway on a public street in the City of Mount Vernon and struck a certain underground facility owned by the plaintiffs, causing damage to Level 3's conduit and severing WilTel's cables. In the order appealed from, the Supreme Court denied the plaintiffs' motion for summary judgment on the issue of liability with respect to the causes of action to recover damages from Concrete Cutting for negligence and trespass to chattels. The Supreme Court granted that branch of Concrete Cutting's cross motion which was for summary judgment dismissing the plaintiffs' cause of action to recover damages for negligence insofar as asserted against it, but denied that branch of the cross motion which was for summary judgment dismissing the cause of action to recover damages for trespass to chattels insofar as asserted against it.

The Supreme Court erred in denying that branch of the plaintiffs' motion which was for summary judgment on the issue of liability with respect to the cause of action to recover damages for negligence against Concrete Cutting. Contrary to the determination of the Supreme Court, the plaintiffs established that Concrete Cutting was an "excavator" within the meaning of 16 NYCRR 753-1.2 (i), and that the work being

performed by Concrete Cutting did not fall within the "pavement restoration" exemption contained in 16 NYCRR 753-1.2 (h). Pursuant to 16 NYCRR 753-1.2, excavation work is defined, in relevant part, as "[a]ny operation for the purpose of movement or removal of earth, rock, pavement or other materials in or on the ground by use of mechanized equipment . . . provided, however, that the following shall not be deemed excavation: . . . sawcutting and jackhammering in connection with pavement restoration of a previous excavation where only the pavement is involved" (16 NYCRR 753-1.2 [h]). The plaintiffs established that Concrete Cutting did not restrict its sawcutting to the site of the previous excavation, and did not confine its cutting to only the pavement, as evidenced by the damage to their facility located in the ground beneath the pavement. As an excavator, Concrete Cutting had a duty to avoid damage to the plaintiffs' underground conduit and cable (see Watral & Sons, Inc. v OC Riverhead 58, LLC, 34 AD3d 560, 567 [2006], revd on other grounds 10 NY3d 180 [2008]; Suffolk County Water Auth. v J.D. Posillico, Inc., 191 AD2d 422 [1993]). The plaintiffs submitted evidence establishing that Concrete Cutting breached this duty when it failed to comply with the obligations imposed upon excavators pursuant to General Business Law § 764 and 16 NYCRR subpart 753-3, including the duty to contact the one-call notification system prior to commencing excavation work (see General Business Law § 764 [1]; 16 NYCRR 753-3.1 [a]), and the duty to verify the precise location, type, size, direction of run, and depth of any underground facilities in the area (see General Business Law § 764 [2]; 16 NYCRR 753-3.6). A "violation of the statute's implementing rules and regulations . . . constitutes some evidence of negligence" (Watral & Sons, Inc. v OC Riverhead 58, LLC, 34 AD3d at 567, see Verizon N.Y., Inc. v Village of Athens, 43 AD3d 526, 527 [2007]; see generally Bauer v Female Academy of Sacred Heart, 97 NY2d 445, 453 [2002]). Moreover, the plaintiffs established that Concrete Cutting failed to pay attention to any operator markings placed by the plaintiffs during the previous excavation for the purpose of designating the location of underground facilities in the area. On this evidence, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability with respect to their negligence cause of action against Concrete Cutting by demonstrating that the damage to their personal property was proximately caused by the negligence of Concrete Cutting.

In opposition, Concrete Cutting failed to raise a triable issue of fact. Concrete Cutting failed to present evidence establishing that the conduit and cable were so shallow as to have been

negligently buried. Furthermore, since Concrete Cutting failed to contact the one-call notification system as required by 16 NYCRR 753-3.1, the plaintiffs' obligations under 16 NYCRR subpart 753-4 were not triggered, and any failure on the part of the plaintiffs to advise Concrete Cutting of the presence of their underground facilities in the area in the absence of such notice was not negligence. Accordingly, the Supreme Court erred in denying that branch of the plaintiffs' motion which was for summary judgment on the issue of liability with respect to their cause of action to recover damages for negligence against Concrete Cutting. For these same reasons, the Supreme Court erred in granting that branch of Concrete Cutting's cross motion which was for summary judgment dismissing the negligence cause of action insofar as asserted against it.

However, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability with respect to the cause of action to recover damages for trespass to chattels against Concrete Cutting. The Supreme Court also properly denied that branch of Concrete Cutting's cross motion which was for summary judgment dismissing the trespass to chattels cause of action insofar as asserted against it. "The owner of a pipeline easement may maintain an action for trespass to chattels against one who damages the pipeline with intent to do the very act which results in the immediate damage" (*Buckeye Pipeline Co. v Congel-Hazard, Inc.*, 41 AD2d 590 [1973]; see *Suffolk County Water Auth. v J.D. Posillico, Inc.*, 191 AD2d 422 [1993]). Here, the Supreme Court properly found that there were triable issues of fact as to whether Concrete Cutting "acted for the purpose of interfering with the chattel, or . . . acted with knowledge that such [interference] would be the result of [its] conduct" (*Buckeye Pipeline Co. v Congel-Hazard, Inc.*, 41 AD2d at 590 [internal quotation marks omitted]). Accordingly, neither party established its entitlement judgment as a matter of law on the cause of action to recover damages for trespass to chattels against Concrete Cutting. Miller, J.P., Leventhal, Chambers and Lott, JJ., concur.