■ Verizon New York Inc., Respondent, v New York State Electric & Gas Corporation, Appellant. [58 NYS3d 322]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 13, 2016, which denied defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant so much of the motion as sought dismissal of the second cause of action alleging trespass, and otherwise affirmed, without costs.

In this action alleging property damage due to defendant utility company's alleged negligence and/or trespass upon plaintiff's underground telecommunications cables during an excavation, defendant established its entitlement to judgment as a matter of law as to plaintiff's trespass cause of action. In opposition, plaintiff failed to raise a triable issue as to whether the actions by defendant in proceeding with excavation, under the circumstances presented, rendered it a substantial certainty that the excavation would intrude upon plaintiff's underground equipment (*see Phillips v Sun Oil Co.*, 307 NY 328 [1954]; *cf. Buckeye Pipeline Co. v Congel-Hazard, Inc.*, 41 AD2d 590 [4th Dept 1973]).

As to plaintiff's negligence cause of action, defendant's argument that article 36 of the General Business Law, along with attendant rules and regulations promulgated thereunder, were intended by the legislature to govern the rights and liabilities of excavators and underground equipment operators, as well as to supplant traditional common-law causes of action and other statutory rights, is not supported by the language of such statutory scheme. Where, as here, "common law gives a remedy, and another remedy is provided by statute, the latter is cumulative, unless made exclusive by the statute" (*Assured Guar. [UK] Ltd. v J.P. Morgan Inv. Mgt. Inc.*, 18 NY3d 341, 350-351 [2011] [internal quotation marks omitted]). The language of General Business Law § 765 provides an operator a cumulative remedy in the form of reasonable repair costs for damages arising from an excavator's "violation" of a General Business Law article 36 provision (conditioned upon the operator not being in violation of a General Business Law article 36 provision).

Plaintiff's instant action seeks not the statutory remedy of reasonable repair costs for the damage to its equipment, but rather, it alleges a common-law negligence claim, which General Business Law § 765 (2) expressly provides is not excluded by the General Business Law article 36 statutory scheme. As such, defendant's argument that it established prima facie

entitlement to summary judgment on plaintiff's negligence claim based on evidence that plaintiff apparently failed to respond in a timely manner to defendant's one-call notification regarding its planned excavation date (*see* General Business Law §§ 761, 763, 765; 16 NYCRR 753-4.5 [a]), is unavailing. Plaintiff's alleged violation of a regulation defining a timely response constituted only some evidence of negligence on its part (*see Conte v Large Scale Dev. Corp.*, 10 NY2d 20 [1961]; *Bjelicic v Lynned Realty Corp.*, 152 AD2d 151 [1st Dept 1989], *appeal dismissed* 75 NY2d 947 [1990]), and did not amount to a prime facie defense to plaintiff's action.

Furthermore, even assuming that the burden on the motion seeking dismissal of the negligence claim did shift to plaintiff, plaintiff's evidence that defendant, as excavator, failed to comply with the General Business Law article 36 statutory requirements that it first verify the location of underground facilities prior to excavating and confirm with the operator notified by its one-call notification that underground facilities were, in fact, not in the area of a proposed dig (*see* General Business Law § 764 [2], [3]), constitutes some evidence of negligence by defendant in the excavation to warrant a denial of summary judgment as to liability on the negligence claim (*see Bjelicic* at 154). Contrary to defendant's argument, comparative negligence principles would apply, as they are not subsumed by the provisions of General Business Law article 36 (*see* General Business Law § 765 [2]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Mazzarelli, Andrias, Moskowitz and Gische, JJ.