Ramirez v Issa (2026 NY Slip Op 00272)

Ramirez v Issa

2026 NY Slip Op 00272

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2024-06489
 (Index No. 521206/23)

[*1]Cesar Ramirez, et al., appellants-respondents,
vMoneer Issa, et al., respondents-appellants.

The Dweck Law Firm, LLP, New York, NY (Jack S. Dweck and Rourke T. Feinberg of counsel), for appellants-respondents.
Glenn Agre Bergman & Fuentes LLP, New York, NY (Michael Paul Bowen, Jewel Tewiah, and Cariana R. Salvatierra of counsel), for respondents-appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, and the defendants cross-appeal, from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated March 12, 2024. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were pursuant to CPLR 3211(b) to dismiss the defendants' affirmative defenses and pursuant to CPLR 3211(a) to dismiss the second, fourth, sixth, and ninth counterclaims. The order, insofar as cross-appealed from, granted those branches of the plaintiffs' motion which were pursuant to CPLR 3211(a) to dismiss the first, third, fifth, seventh, eighth, and tenth counterclaims.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the plaintiffs' motion which were pursuant to CPLR 3211(b) to dismiss the second, fourth, fifth, and sixth affirmative defenses, and substituting therefor a provision granting those branches of the motion, (2) by deleting the provision thereof denying those branches of the plaintiffs' motion which were pursuant to CPLR 3211(a) to dismiss the second and ninth counterclaims, and substituting therefor a provision granting those branches of the motion, and (3) by deleting the provision thereof granting that branch of the plaintiffs' motion which was pursuant to CPLR 3211(a) to dismiss the seventh counterclaim, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In January 2022, the plaintiffs, Cesar Ramirez and Adriana Rodriguez, and the defendant Moneer Issa, executed a stockholders agreement for the defendant Manhattan Fare Corp. (hereinafter Manhattan Fare), in which the plaintiffs held 50% of the shares and Issa and his spouse held the other 50% of the shares. Manhattan Fare allegedly operated a restaurant, known as Chef's Table at Brooklyn Fare (hereinafter the restaurant), at which Ramirez was employed as executive chef. On July 1, 2023, Issa allegedly terminated Ramirez's employment at the restaurant without cause.
In July 2023, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract against Issa, Manhattan Fare, and 431 Food Market Corp. Thereafter, the [*2]defendants served an answer containing various affirmative defenses and counterclaims. The plaintiffs moved, among other things, pursuant to CPLR 3211(b) to dismiss the affirmative defenses and pursuant to CPLR 3211(a) to dismiss the counterclaims. In an order dated March 12, 2024, the Supreme Court denied those branches of the plaintiffs' motion which were pursuant to CPLR 3211(b) to dismiss the affirmative defenses and pursuant to CPLR 3211(a) to dismiss the second, fourth, sixth, and ninth counterclaims and granted those branches of the plaintiffs' motion which were pursuant to CPLR 3211(a) to dismiss the first, third, fifth, seven, eighth, and tenth counterclaims. The plaintiffs appeal, and the defendants cross-appeal.
CPLR 3211(b) provides that "[a] party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit." "When moving to dismiss, the plaintiff bears the burden of demonstrating that the affirmative defenses are without merit as a matter of law because they either do not apply under the factual circumstances of [the] case, or fail to state a defense" (Lewis v US Bank N.A., 186 AD3d 694, 697 [internal quotation marks omitted]). "'[W]here affirmative defenses merely plead conclusions of law without any supporting facts, the affirmative defenses should be dismissed pursuant to CPLR 3211(b)'" (Diaz v 297 Schaefer St. Realty Corp., 195 AD3d 794, 796 [internal quotation marks omitted], quoting Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 750).
Here, the Supreme Court properly denied that branch of the plaintiffs' motion which was pursuant to CPLR 3211(b) to dismiss the first affirmative defense, alleging failure to state a cause of action. "'[N]o motion . . . lies under CPLR 3211(b) to strike th[is] defense . . . as this amounts to an endeavor by the plaintiff to test the sufficiency of his or her own claim'" (Jacob Marion, LLC v Jones, 168 AD3d 1043, 1044, quoting Mazzei v Kyriacou, 98 AD3d 1088, 1089).
However, the Supreme Court should have granted that branch of the plaintiffs' motion which was pursuant to CPLR 3211(b) to dismiss the affirmative defense of statute of limitations (second affirmative defense), as the record reflects that none of the causes of action were time-barred (see Pichichero v Falcon, 142 AD3d 981, 984).
The Supreme Court also should have granted those branches of the plaintiffs' motion which were pursuant to CPLR 3211(b) to dismiss the fourth, fifth, and sixth affirmative defenses, alleging, respectively, waiver or equitable estoppel, unclean hands, and failure to mitigate damages, as those defenses were not applicable to the factual circumstances of this case (see Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d at 748).
On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, "the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the [pleader] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Stewart v Fein Such & Crain, LLP, 236 AD3d 959, 961[internal quotation marks omitted]).
"'A cause of action premised upon fraud cannot lie where it is based on the same allegations as the breach of contract claim'" (Michael Davis Constr. v 129 Parsonage Lane, LLC, 194 AD3d 805, 807, quoting Heffez v L & G Gen. Constr., Inc., 56 AD3d 526, 527). "General allegations that a party entered into a contract while lacking the intent to perform it are insufficient to support a claim of fraudulent inducement" (id.). Here, the allegations that formed the basis of the first counterclaim, alleging fraudulent inducement, were the same as those underlying the fourth counterclaim, alleging breach of contract (see Hershman v Bank of N.Y. Mellon, 219 AD3d 812, 814; Michael Davis Constr. v 129 Parsonage Lane, LLC, 194 AD3d at 807). The defendants' allegations that Ramirez made false statements and omissions in negotiating the stockholders agreement by concealing his true intentions "'amounted only to a misrepresentation of the intent . . . to perform under the contract'" (Michael Davis Constr. v 129 Parsonage Lane, LLC, 194 AD3d at 807, quoting Gorman v Fowkes, 97 AD3d 726, 727). Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was pursuant to CPLR 3211(a) to dismiss the first counterclaim.
Similarly, the third and fifth counterclaims, alleging, respectively, conversion and breach of the implied covenant of good faith and fair dealing, were duplicative of the fourth counterclaim, alleging breach of contract (see Crawford v Integrated Asset Mgt. Servs., LLC, 236 AD3d 750, 752; Hymowitz v Nguyen, 209 AD3d 997, 1002). Thus, the Supreme Court properly granted those branches of the plaintiffs' motion which were pursuant to CPLR 3211(a) to dismiss the third and fifth counterclaims.
The second counterclaim, alleging breach of fiduciary duty, also was duplicative of the fourth counterclaim, alleging breach of contract, since both counterclaims were based on the same facts (see P.S. Fin., LLC v Eureka Woodworks, Inc., 214 AD3d 1, 31; Canzona v Atanasio, 118 AD3d 841, 843). Thus, the Supreme Court should have granted that branch of the plaintiffs' motion which was pursuant to CPLR 3211(a) to dismiss the second counterclaim.
Furthermore, in the fourth counterclaim, the defendants alleged breach of contract based upon the faithless servant doctrine. "The faithless servant doctrine applies when an employee-agent breaches their duty of loyalty owed to the employer-principal" (Parker Waichman, LLP v Mauro, 215 AD3d 869, 872). Contrary to the plaintiffs' contention, the defendants sufficiently stated a cause of action to recover damages for breach of contract based upon the faithless servant doctrine, as the defendants alleged that the plaintiffs materially breached their employment agreements and their duty of loyalty to Manhattan Fare by, inter alia, taking actions to lessen the quality of the restaurant, persuading employees of the restaurant to leave their employment and join Ramirez in a new restaurant venture, and misappropriating a confidential customer list. Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was pursuant to CPLR 3211(a) to dismiss the fourth counterclaim.
The Supreme Court also properly denied that branch of the plaintiffs' motion which was pursuant to CPLR 3211(a) to dismiss the sixth counterclaim, alleging misappropriation of trade secrets. The elements of a cause of action for misappropriation of trade secrets are: (1) possession of a trade secret; and (2) use of that trade secret by the defendant "in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means" (Tri-Star Light. Corp. v Goldstein, 151 AD3d 1102, 1106 [internal quotation marks omitted]). Here, the defendants sufficiently alleged that they were in possession of a trade secret, as they employed measures to keep the customer list confidential, and that the plaintiffs improperly made use of the confidential customer list (see id.; Natural Organics, Inc. v Smith, 38 AD3d 628, 629).
Further, the Supreme Court should have denied that branch of the plaintiffs' motion which was pursuant to CPLR 3211(a) to dismiss the seventh counterclaim, alleging unfair competition, as the defendants alleged that the plaintiffs engaged in unfair competition by, among other things, soliciting Manhattan Fare's employees and misappropriating the confidential customer list to create a competitive business (see Out of Box Promotions, LLC v Koschitzki, 55 AD3d 575, 578; Beverage Mktg. USA, Inc. v South Beach Beverage Co., Inc., 20 AD3d 439, 440).
"For a cause of action for trespass to chattels, [the defendants are] required to establish that [the plaintiffs] intentionally, and without justification or consent, . . . physically interfered with the use and enjoyment of personal property in [the defendants'] possession" (Jackie's Enters., Inc. v Belleville, 165 AD3d 1567, 1572 [alteration and internal quotation marks omitted]; see Level 3 Communications, LLC v Petrillo Contr., Inc., 73 AD3d 865, 868). Here, the defendants failed to sufficiently allege that the plaintiffs physically interfered with the use and enjoyment of personal property in the defendants' possession (see Level 3 Communications, LLC v Petrillo Contr., Inc., 73 AD3d at 868). Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was pursuant to CPLR 3211(a) to dismiss the ninth counterclaim, alleging trespass to chattels.
Contrary to the defendants' contention, the Supreme Court properly granted that branch of the plaintiffs' motion which was pursuant to CPLR 3211(a) to dismiss the tenth counterclaim, alleging defamation, as the defendants failed to sufficiently allege when, where, or the manner in which the allegedly defamatory statements were published and to whom the allegedly [*3]defamatory statements were made (see Starr v Akdeniz, 162 AD3d 948, 950; CSI Group, LLP v Harper, 153 AD3d 1314, 1320).
The parties' remaining contentions are without merit.
CONNOLLY, J.P., WOOTEN, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court